UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. _____

JOAN J. VEGA,

        Plaintiff,

v.

YA GUAN USA LLC, a Florida limited
liability company d/b/a Ichimi, and
FENGCHAO HOU, individually,

        Defendants.
_____/

## **COMPLAINT FOR FAIR LABOR STANDARDS ACT VIOLATIONS**

Plaintiff, JOAN J. VEGA, through undersigned counsel, files this Complaint against Defendants YA GUAN USA LLC, a Florida limited liability company d/b/a Ichimi ("Ichimi"), and FENGCHAO HOU ("Hou") (Ichimi and Hou are collectively "Defendants"), and alleges:

### **JURISDICTION, VENUE, AND COVERAGE**

1. This is an action brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (the "FLSA" or the "Act") to recover from Defendants unpaid minimum wages, unpaid overtime wages, unlawfully retained tips, liquidated damages, and reasonable attorneys' fees and costs.

2. The Plaintiff was a resident of South Florida at the time this dispute arose. He is still a resident of South Florida. Plaintiff was a non-exempt hourly employee of Defendants (a waiter) from approximately February 2017 through his termination in November 2019.

3. Plaintiff's job duties for Defendants primarily included taking orders and serving food and beverages to Defendants' customers at Defendants' Ichimi restaurant in Coral Gables, Florida.

4. Defendant Ichimi is a Florida limited liability company that operates a restaurant located in Miami-Dade County, Florida. Its principal address is located in Coral Gables, Florida within the jurisdiction of this Court.

5. Defendant Hou is an individual and *sui juris*, is a manager and owner of Ichimi, and acts directly and indirectly in the interest of Ichimi. Upon information and belief, Hou frequents Ichimi and has the power to direct employee's actions and is a member of the restaurant's management. Hou's management responsibilities included hiring and firing, setting rates of pay, and scheduling. He exercised control over day-to-day operations and compensation practices and had a role in Ichimi improperly compensating Plaintiff in violation of the FLSA. Accordingly, Hou is an individual employer pursuant to 29 U.S.C. § 203(d).

6. Defendants Ichimi and Hou are both "employers" as defined by the FLSA (29 U.S.C. § 203(d) and 29 C.F.R. § 791.2) and are individually, jointly, and severally liable for the violations at issue in this lawsuit and as employers under the FLSA.

7. This Court has jurisdiction pursuant to Section 216 of the FLSA. This Court has federal question jurisdiction under 28 U.S.C. § 1331 as this civil action arises under the laws of the United States.

8. Venue is proper under 28 U.S.C. § 1391 because both Defendants reside in Miami-Dade County, Florida and because a substantial part of the events or omissions giving rise to these claims occurred in Miami-Dade County, Florida, within the jurisdiction of this Court.

9. At all times during the period between February 2017 and November 2019 (the "relevant period"), Defendants were a jointly covered enterprise (as joint employers) under the FLSA and as defined by 29 U.S.C. § 203(r) and (s).

10. At all times during the relevant period, Defendants were "joint employers" of the Plaintiff within the meaning of the FLSA.

11. At all times during the relevant period, Defendants were an "enterprise engaged in commerce" or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA in that said enterprise had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

12. Upon information and belief, the annual and joint gross revenue of Defendants was in excess of $500,000.00 per annum for each calendar year during the relevant period.

13. At all times during the relevant period, Defendants had two or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, such as food, drinks, beverages, cash registers, pots, pans, cooking and dishwashing equipment, telephones, point of sale equipment, and other kitchen, food preparation, and office materials and goods.

14. At all times during the relevant period, both Plaintiff and Defendants were "engaged in commerce" by virtue of, among other things, the fact that they regularly completed financial transactions with Defendants' customers' credit card companies, banks, and third-party payment processing services outside of the State of Florida, and with foreign customers/tourists. They also utilized an out-of-state vendor for restaurant management software.

15. At all times during the relevant period, Plaintiff's work was essential to Defendants' business in that Defendants could not operate their restaurant without waiters.

16. At all times during the relevant period and as explained above, Defendants performed related activities for a common business purpose and with shared employees and operational control.

17. At all times during the relevant period, Defendants were a joint enterprise and owned and operated a business serving food and beverage to the general public in a sit-down restaurant setting.

## GENERAL ALLEGATIONS

18. During the relevant period, Plaintiff worked for Defendants as a waiter – a non-exempt hourly paid "tipped" employee.

19. Plaintiff worked between approximately 30 hours and 45 hours each workweek, occasionally working more or less at particularly slow or busy times.

20. Although Plaintiff generally clocked in and out on software provided by Defendants, Plaintiff's actual time worked was regularly reduced and/or rounded before Defendants paid him.

21. Plaintiff is not in possession of all of his pay and time records and cannot with certainty calculate the amount of minimum wages, overtime, and improperly retained tips he is entitled to receive as a result of Defendants' violations of the FLSA on a week-by-week basis absent full access to same.[1]

---

[1] Plaintiff, through counsel, attempted to obtain those records in connection with a pre-suit investigation.  An attorney for the corporate defendant stated on November 14, 2019 that such documents would be provided "in due course" and due to the attorney's "full calendar … will probably have to wait till [sp] January 2020 to produce them."

22. During the relevant period, Defendants paid Plaintiff a cash wage of between $5.08 per hour and $5.44 per hour for most, but not all, of the hours Plaintiff worked. The cash wage paid to Plaintiff was less than the federal minimum wage at all times.

23. Plaintiff was permitted to retain most, but not all, of the tips he earned from customers.

24. Although Plaintiff received an hourly wage plus tips, Defendants required Plaintiff to improperly share a portion of his tips with back-of-house employees, including cooks, that were not traditionally tipped employees. The amount Plaintiff was required to pay to cooks out of his tips (taken by Defendants from credit card tips paid by customers that were served by Plaintiff) varied prior to September 2018. Beginning in September 2018, Defendants specifically required Plaintiff to pay 10% of his tips to back-of-house employees.

25. Defendants also required Plaintiff to improperly pay 3% of his tips to Defendants, allegedly to cover credit card processing fees. Plaintiff believes that 3% exceeds the actual credit card processing fees incurred by Defendants for credit card processing services.

26. Under the FLSA, if a joint employer satisfies the tip credit requirements, it may apply a portion of the employee's tips (up to a maximum of $5.12) to satisfy its obligation to pay its tipped employee at least the federal minimum wage of $7.25/hour. The burden is on the employers to prove they are entitled to take the tip credit against the employee's wages pursuant to the FLSA.

27. To utilize the tip credit under the FLSA, among other things, the employer must pay its employees the proper minimum wage and allow its tipped employees to retain all the tips they receive, except when there is a valid arrangement for "pooling of tips among employees who customarily and regularly receive tips." 29 U.S.C. § 203(m). If an employer fails to satisfy either

requirement, it may not take advantage of the tip credit and must pay its tipped employee the full applicable minimum wage for each and every hour worked during each workweek.

28. Additionally, the tip credit may not be taken unless the employer has informed its tipped employee in advance of the employer's use of the tip credit as required by 29 C.F.R. § 531.59.

29. By failing to provide proper notice and by failing to satisfy the requirements of 29 U.S.C. § 203(m) during the relevant time period, Defendants were not eligible for the tip credit and were required to pay Plaintiff the full minimum wage as required by the FLSA.

30. In addition, although Plaintiff did not generally work more than 40 hours in a workweek, when he did work overtime, Defendants did not pay Plaintiff the applicable overtime wage for overtime hours worked.

31. During the relevant period, Defendants willfully engaged in practices that denied Plaintiff applicable minimum wage and applicable overtime wages under the FLSA because Defendants were aware or should have been aware that their tip pooling practices and failure to comply with tip credit requirements were unlawful.

32. Plaintiff fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

33. Plaintiff retained the undersigned law firm to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## COUNT I: MINIMUM WAGE AND TIP CREDIT VIOLATIONS (FLSA)

34. Plaintiff incorporates and re-adopts the allegations contained in paragraphs 1-33 above as if set out in full herein.

35. Plaintiff was entitled to be paid the applicable federal minimum wage for each workweek Plaintiff worked during Plaintiff's employment with Defendants.

36. Defendants failed to pay Plaintiff the federal minimum wage for each week Plaintiff worked for the Defendants.

37. Defendants had knowledge that they were paying sub-minimum wages to Plaintiff, but still failed to pay Plaintiff at least minimum wages.

38. Defendants also had knowledge that Plaintiff was required to share his tips with non-traditionally tipped employees and that it was retaining from Plaintiff's tips more than its actual credit card processing fees.

39. Likewise, Defendants knew that they were not paying Plaintiff for each and every hour he worked for Defendants.

40. By engaging in unlawful tip credit and tip pooling practices, Defendants attempted to utilize a tip credit to which they were not entitled.

41. Defendants willfully failed to pay Plaintiff the federal minimum wage for one or more weeks of work during the relevant period, in violation of 29 U.S.C. § 206.

42. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks during the relevant period.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment for Plaintiff jointly and severally against Defendants on the basis of the Defendant's willful

violations of the FLSA, award Plaintiff the difference between the full minimum wage and the actual wages paid by Defendants to Plaintiff for each workweek, award Plaintiff the amount of his tips unlawfully retained by Defendants (including, but not limited to, those he was required to share with non-traditionally tipped employees), award Plaintiff liquidated damages in an amount equal to the unpaid minimum wages and tips unlawfully retained, award Plaintiff reasonable attorneys' fees and costs of suit, and grant such other and further relief as this Court deems equitable and just.

### COUNT II: OVERTIME VIOLATIONS (FLSA)

43. Plaintiff incorporates and re-adopts the allegations contained in paragraphs 1-33 above as if set out in full herein.

44. Plaintiff was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) in each workweek.

45. Plaintiff occasionally worked in excess of forty hours per work week, but was not paid proper time and one half compensation for same.

46. Plaintiff was not an exempt employee under the FLSA.

47. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one half his regular pay for each hour worked over forty (40) in one or more workweeks during the relevant period, Plaintiff has suffered damages and has incurred reasonable attorneys' fees and costs.  He is also entitled to liquidated damages as a result of Defendants' unlawful pay practices.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court enter judgment for Plaintiff jointly and severally against Defendants on the basis of the Defendant's willful violations of the FLSA, award Plaintiff all unpaid overtime wages to which he is entitled, award

Plaintiff an equal amount of liquidated damages, award Plaintiff reasonable attorneys' fees and costs of suit, and grant such other and further relief as this Court deems equitable and just.

## JURY DEMAND

Plaintiff demands trial by jury of all issues so triable as of right.

Dated: November 26, 2019               Respectfully Submitted,

*/s/ Harris Nizel*
HARRIS NIZEL (Florida Bar No.: 0807931)
Email: harris@nizel.com
Nizel Law, P.A.
4700 Sheridan St., Suite J
Hollywood, FL 33021
Telephone: (954) 653-8300
*Counsel for Plaintiff*